**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-01463-JLK-MDB

SCHOOL DISTRICT 49, et al.,

Plaintiffs,

v.

AUBREY SULLIVAN, in her official capacity as Director of the Colorado Civil Rights Division, et al.,

    Defendants.

## DECLARATION OF MICHAEL KRUEGER

I, Michael Krueger, am over 18 years of age and competent to make the following statement. All of the statements below are based on my personal knowledge.

1. My name is Michael Krueger and I am the Commissioner and chief administrative officer of the Colorado High School Athletic Association ("CHSAA").

2. CHSAA is a private, non-profit corporation and a voluntary association of public and private Colorado High Schools. CHSAA oversees the interscholastic athletics and activities of its member schools.

3. CHSAA is a 501(c)(3) tax-exempt organization that receives no federal funding.

4. Membership in CHSAA is entirely voluntary; there is no Colorado law requiring public or private high schools to join CHSAA. Each member school annually signs a resolution agreeing to the CHSAA Bylaws and acknowledging that membership in the association is voluntary.

5. Of the approximately 648 high schools in Colorado, only 372 are CHSAA members.

6. CHSAA is governed by a representative group of its member schools referred to as the Legislative Council. The Legislative Council adopts and amends the Constitution of the CHSAA and its Bylaws for the regulation of the interscholastic athletics and activities of its members.

7. The CHSAA board of directors exercises the executive authority within the association. The board of directors is composed of elected members from within the membership of the association and additional representatives of state education groups. The board of directors has the authority to make decisions necessary to insure the smooth functioning of the association and the interscholastic programs within its membership.

8. The board of directors appoints the Commissioner who is the chief administrative officer and is empowered, among other things, to determine student eligibility, interpret the bylaws, and impose and enforce penalties.

9. After the Colorado General Assembly amended the Colorado Anti-Discrimination Act ("CADA") in 2008 to prohibit discrimination based on sexual orientation and gender identity, CHSAA updated its Constitution and Bylaws to reflect and recognize state-level protections based on sexual orientation and gender identity.

10. Article 3 of the CHSAA Constitution is titled the "Equity Code". The full text of Article 3 as amended provides that:

> 300.1. The Colorado High School Activities Association is committed to ensuring that all students have equal access and opportunities to participate in activities and athletics under the Title IX Education Amendment.
>
> 300.2. Member schools shall ensure that all students have equal access and opportunities to participate in activities and athletics without unlawful discrimination based on disability, race, creed, color, gender identity, sexual orientation, religion, age, national origin, or ancestry.
>
> 300.3. The Colorado High School Activities Association recognizes the right of transgender student-athletes to participate in interscholastic activities free from unlawful discrimination based on sexual orientation and gender identification. To ensure appropriate gender assignment for purposes of athletic eligibility, a transgender student-athlete's home school will meet with the student to determine the gender assignment for the prospective student-athlete. The CHSAA will review athletic eligibility decisions based on gender assignment of transgender student-athletes in accordance with its approved policies and appeals procedures.

11. Additionally, CHSAA's bylaws address team composition in Bylaw 2850.3, which states in relevant part:

    Interscholastic sports teams composed of boys, girls, and/or boys and girls shall be conducted in accordance with the following Bylaws as noted and modified. Schools shall designate the type of team for each sport according to the following:

    (a) BOYS' TEAM — Whenever the school provides only a team or teams for boys in a particular sport, girls are permitted to qualify for the boys' team(s).

    (b) SEPARATE TEAMS — Whenever the school provides a team or teams for boys and a team or teams for girls in the same sport, girls shall not be permitted to qualify for the boys' team(s) in that sport, nor shall boys be permitted to qualify for the girls' team(s) in that sport.

    (c) GIRLS' TEAMS — Whenever the school provides only a team or teams for girls in a particular sport, boys shall not be permitted to qualify for the girls' team in that sport.

    (d) COED TEAMS – Whenever the Association designates a coed team, that team must be composed of both boys and girls.

12.     CHSAA does not define who is a "boy" or a "girl" or specify how a member school is to make that determination. Pursuant to Article 3, section 300.3 of the CHSAA Constitution, that decision is for the member schools individually to decide.

13.     CHSAA does not request, gather, or keep information concerning any of its member schools' policies or practices with respect to the existence or eligibility of any transgender students or student athletes. As of this date, CHSAA has no information concerning the number, if any, of transgender student participants in interscholastic athletics or activities.

14.     CHSAA has not and does not require any member school to allow transgender students to participate in interscholastic athletics or activities. Decisions regarding transgender student participation are made at the local level and are not reported to CHSAA.

15.     CHSAA does not require, and has never required, a member school to submit any data about students' transgender status. CHSAA has never evaluated, approved, denied, or otherwise issued any ruling on a decision made by a member school based on a student's gender or transgender status.

16.     Since the amendment of Article 3, section 300, in 2008, CHSAA has known that a number of its member schools, including private, parochial schools, do not or would not permit a transgender student to participate on an interscholastic athletic team that is inconsistent with their sex assigned at birth.

17. Bylaw 800.68 empowers the Legislative Council or Board of Directors to require any league to suspend a member school for violation of the Constitution or Bylaws. CHSAA has never suspended a member school pursuant to Bylaw 800.68 and there are no pending actions to suspend any member school.

18. CHSAA has never sanctioned, suspended, or penalized any member school for implementing or enforcing its own policies or determinations that prohibit, limit, or even address transgender participation in athletics.

19. CHSAA has never evaluated, approved, denied, or otherwise issued any ruling on a decision made by a member school based on a student's transgender status.

20. CHSAA has no intention of penalizing or disciplining any member school, including without limitation any member school within the Plaintiffs' school districts or organizations, based solely on that school district's or school's policy or determination regarding transgender student-athletes at its own school.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 8, 2025

Michael Krueger

/s/ *Michael Krueger*